# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| ANTONIO MITCHELL, | : |
| Petitioner, | : |
| | : CASE NO. 4:07-CV-138 (CDL) |
| v. | : 28 U.S.C. § 2254 |
| | : |
| RALPH KEMP, | : Habeas Corpus Petition |
| | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on January 14, 2008. (R-10). Petitioner was notified of his right to file a response to Respondent's Motion, and filed such on February 26, 2008. (R-16).

On September 4, 2001, Petitioner pled guilty to one (1) count of aggravated assault and one (1) count of burglary. (R-12-2). Petitioner was sentenced to a twelve (12) year sentence on each count to run concurrently. Petitioner did not file a direct appeal of his guilty plea. On October 10, 2003, Petitioner filed a state habeas petition in the Superior Court of Ware County, raising the same issues raised herein. (R-12-2, Resp. Ex. 1 and R-16). After a hearing, the habeas court denied the petition on July 11, 2005, finding that Petitioner's grounds lacked merit. (R-12-2, Resp. Ex. 2). On September 11, 2007, Petitioner filed the current application for federal habeas relief. (R-1).

### AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

1

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id.* at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner pled guilty on September 6, 2001. His conviction was "final" thirty days later when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 expired.[1] Petitioner had 30 days after his guilty plea and sentencing to file a notice of appeal. Petitioner did not pursue a direct appeal, thus, his judgment of conviction became final on Monday, October 8, 2001, when the time for filing the notice of appeal expired. Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on October 9, 2001 and expired October 9, 2002.

Petitioner's state petition for habeas corpus filed October 10, 2003, followed the expiration of the AEDPA statute of limitations by a year. The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no

---

[1] In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996).

3

period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Therefore, Petitioner's State Habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002). Thus, Petitioner's federal habeas petition filed on September 11, 2007, followed the expiration of the AEDPA statute of limitations by nearly five years and failed to invoke the jurisdiction of this court.

### Equitable Tolling

Title 28, United States Code, Section 2244(d)(1) permits equitable tolling only under limited conditions, for example, when an extraordinary factor beyond the Petitioner's control and unavoidable even with diligence prevents him from filing in a timely manner. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). *See Miller v. Marr,* 141 F. 3d 976, 978 (10th Cir. 1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). The burden is upon Petitioner to show that equitable tolling is warranted. *See Helton v. Sec'y for the Dep't of Corr.'*s, 259 F.3d 1310, 1313-14 (11th Cir. 2001; *see also Justice v. United States*, 6 F.3d 1474, 1478 (11th Cir. 1993). The Eleventh Circuit has held that an inmate "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 2008 WL 108706, at *1 (C.A.11 (Ga.)).

4

In his Response to the Motion to Dismiss, Petitioner argues that the doctrine of equitable tolling applies to him because both his state and federal habeas petitioners were "filed in (sic) the usage of due diligence." (R-16, p. 4). Although Petitioner recounts his contact with his attorney and other legal assistance centers, the fact remains that Petitioner pled guilty and did not have an unqualified right to appeal said plea. Furthermore, the Eleventh Circuit has held that "Attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby,* 415 F.3d 1250, (11th Cir. 2005). In addition, Petitioner's application for sentence review with the Superior Courts Sentence Review Panel has no effect on the limitations period as it was not an attack on his conviction, but merely the sentence he received. *Bridges v. Johnson,* 2002 WL 347827 (11th Cir. (Ga.)). Thus, Petitioner's contention that he is entitled to equitable tolling is without merit.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 29th day of February, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc