IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANTONIO MITCHELL,                       *

       Petitioner,              *

vs.                                     *

                                               CASE NO. 4:07-CV-138 (CDL)

RALPH KEMP, Warden,                     *

       Respondent.              *

                                        *

## ORDER ON REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

After a *de novo* review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on February 29, 2008 is hereby approved, adopted, and made the Order of the Court.

The objections of the Petitioner have also been thoroughly considered and are found to be without merit. The Court does find it appropriate to address specifically one issue raised by Petitioner in his response to the Magistrate's Report and Recommendation that was not covered directly in the Magistrate's Report and Recommendation. In his response, Petitioner attempts to raise the issue of actual innocence based on newly discovered evidence, citing *Schlup v. Delo*, 513 U.S. 298 (1995). The United States Supreme Court in *House v. Bell*, 547 U.S. 518 (2006), observed the *Schlup* Court requires that prisoners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 537 (quoting *Schlup*, 513 U.S. at 327).

The *House* court explained that "'[t]o be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial . . . .'" *Id.* (quoting *Schlup*, 513 U.S. at 324). Thus the *House* court concluded that

> [a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Id.* at 538. Given the nature of the "newly discovered evidence," which constitutes hearsay and is otherwise insufficient to establish reasonable doubt, the Court finds that Petitioner has failed to meet his burden under *House*.

In conclusion, the Court adopts the Magistrate's Report and Recommendation and finds Petitioner's objections to be without merit.

IT IS SO ORDERED, this 24th day of March, 2008.

                                           S/Clay D. Land
                                           CLAY D. LAND
                        UNITED STATES DISTRICT JUDGE